IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLEN MARGULIES et al.,

                            Plaintiffs,                           3:13-cv-00475-PK

v.                                            OPINION AND ORDER

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT
OF OREGON,

                           Defendant.

_____

PAPAK, Magistrate Judge:

       Plaintiffs, in their individual capacities and as class representatives, filed the instant

action against defendant Tri-County Metropolitan Transportation District of Oregon ("TriMet")

alleging that TriMet engages in a pattern or practice of failing to pay its bus and train operators

for all compensable work in violation of the federal Fair Labor Standards Act ("FLSA") and

Oregon law.  Now before the court is plaintiffs' motion for certification of interlocutory appeal

Page 1 - OPINION AND ORDER

under 28 U.S.C. § 1292(b). For the reasons discussed below, the motion is denied.

## RELEVANT PROCEDURAL BACKGROUND

On June 17, 2013, plaintiffs filed their second amended complaint (#18), alleging violations of the FLSA and Oregon law. Specifically, plaintiffs allege that TriMet fails to pay bus and train operators for: "(1) non-commute travel time between disparate start and end points of operators' scheduled runs, (2) the differential between scheduled run times and actual run times, (3) pre-departure time, (4) mandatory meetings with supervisors, (5) mandatory medical examinations, and [(6)] any applicable overtime due for such compensable time." Second Amended Complaint, #18, ¶ 4.

Relevant to the instant motion is the court's October 10, 2013 opinion and order (#61) granting TriMet's motion for partial summary judgment on the limited issue of whether TriMet's bus operators are exempt from the FLSA's overtime-pay provision. In the opinion and order, the court concluded that TriMet carried its burden of proving that the FLSA's motor-carrier exemption applies—that is, TriMet produced sufficient evidence that it is subject to the jurisdiction of the Secretary of Transportation and its bus operators engage in an activity that directly affects the safety of operation of a motor carrier in the interstate transportation of persons. *See* October 10, 2013 Opinion and Order, #61, at 13-25. On October 30, 2013, plaintiffs filed the instant motion, requesting that the court certify for interlocutory appeal the portion of its October 10, 2013 opinion and order granting TriMet's motion for partial summary judgment. Plaintiffs also request that the court stay further proceedings in the case pending the resolution of the appeal. On November 13, 2013, TriMet filed a resistance (#82). On November 27, 2013, plaintiffs filed a reply (#90). In its resistance, TriMet requests that the court hear oral

argument on the motion. I find that oral argument is unnecessary and that the matter is ready for decision.

## LEGAL STANDARD

Pursuant to the "final judgment rule embodied in 28 U.S.C. § 1291," the courts of appeals have jurisdiction over appeals from "orders which end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (alteration in original) (quoting *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008)) (internal quotation marks omitted). Title 28, United States Code, Section 1292(b) provides a "narrow exception" to the final-judgment rule:

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> such order involves a controlling question of law as to which there
> is substantial ground for difference of opinion and that an
> immediate appeal from the order may materially advance the
> ultimate termination of the litigation, he shall so state in writing in
> such order.

*Id.* at 633 (quoting 28 U.S.C. § 1292(b)). Thus, under 28 U.S.C. § 1292(b), to certify an order for interlocutory appeal, the district court must find: (1) the issue involves a "a controlling question of law"; (2) that there are "substantial grounds for difference of opinion"; and (3) that an immediate appeal will "materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982); *accord Brizzee v. Fred Meyer Stores, Inc.*, No. CV 04-1566-ST, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008). "[T]he party pursuing the interlocutory appeal bears the burden of . . . demonstrating" that all three requirements are satisfied. *Couch*, 611 F.3d at 633.

Section 1292(b) "was not intended merely to provide review of difficult rulings in hard

Page 3 - OPINION AND ORDER

cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam). Rather, the

district court should grant certification "only in exceptional situations in which allowing an

interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust

Litig.*, 673 F.2d at 1026; *see also id.* at 1027 (noting that 28 U.S.C. § 1292(b) "is to be applied

sparingly and only in exceptional cases"); *Luchini v. Carmax, Inc.*, No. CV F 12-0417 LJO DLB,

2012 WL 3862150, at *2 (E.D. Cal. Sept. 5, 2012) (citing cases); *Brizzee*, 2008 WL 426510, at

*4 (noting that 28 U.S.C. § 1292(b) is to be used in "'rare circumstances'" (quoting *James v.

Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002))). Thus, even when a party has

shown that all three certification requirements are satisfied, a district court may exercise its

discretion to deny certification. *Luchini*, 2012 WL 3862150, at *2; *Brizzee*, 2008 WL 426510, at

*3.

## ANALYSIS

### I.    Timeliness of Motion

First, TriMet contends that, under 28 U.S.C. § 1292(b), a party must seek certification

within ten days of entry of the challenged order. For the reasons set forth in plaintiffs' reply brief,

I disagree. As plaintiffs note, the practice they followed in this case—that is, filing a motion

asking the court to amend its prior order to allow for certification—is authorized by Federal Rule

of Appellate Procedure 5(a)(3). *See* Plaintiffs' Reply, #90, at 2. The ten-day limit in 28 U.S.C.

§ 1292(b) does not apply to the time within which plaintiffs must seek amendment of the adverse

order but, rather, the time in which they must file an application with the court of appeals

following the district court's certification. *See id.; see also Kreek v. Wells Fargo & Co.*, No. C

08-1830, 2011 WL 996780, at *1 (N.D. Cal. Mar. 21, 2011). As plaintiffs' motion is timely, I

Page 4 - OPINION AND ORDER

shall now turn to consider whether the certification requirements are satisfied in this case.

## II.    Certification

Plaintiffs request that the court certify that portion of the October 10, 2013 opinion and order granting TriMet's motion for partial summary judgment. As TriMet notes in its resistance, plaintiffs fail to identify a specific question of law that should be certified. *See* TriMet's Resistance, #82, at 5. After reviewing plaintiffs' memorandum in support of the motion and their reply brief, it appears that they seek certification of two questions: (1) whether a through-ticketing arrangement is sufficient to show that each bus operator could reasonably be expected to engage in the interstate transportation of passengers; and (2) whether the court applied an incorrect standard in determining that TriMet's bus operators' involvement in interstate commerce cannot be characterized as *de minimus*. I find that neither question is appropriate for certification.

### A.    Controlling Question of Law

Under the first certification requirement, the district court must find that the issue to be certified involves "a controlling question of law." 28 U.S.C. § 1292(b). A question of law is "controlling" when the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. "[A] 'question of law' refers to a 'pure question of law' and not a mixed question of law and fact or the application of law to facts." *Rise, Inc. v. Malheur Cnty.*, No. 2:10-CV-00686-SU, 2012 WL 1903880, at *3 (D. Or. May 25, 2012) (quoting *Barrer v. Chase Bank, USA, N.A.*, Civil No. 06-415-HA, 2011 WL 1979718, at *4 (D. Or. May 18, 2011)). In other words, a "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional

provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1257-58 (11th Cir. 2004) (stating that a mixed question of law and fact is not an appropriate question for certification under 28 U.S.C. § 1292(b)).

Here, with regard to plaintiffs' first proposed question, I find that this is not a question of law, but, rather, a challenge to my application of the law to the facts of this case. That is, plaintiffs have not identified an "abstract legal issue," *Ahrenholz*, 219 F.3d at 677, for certification but, rather, seek to appeal my determination that each of TriMet's bus operators could reasonably be expected to carry interstate passengers in light of TriMet's evidence of actual interstate riders and due to the nature of the C-TRAN ticketing arrangement and the bus operators' contractual right to bid on new routes every three months. This is not an appropriate question for certification. Furthermore, the applicability of the four-month rule in *Reich v. American Driver Service, Inc.*, 33 F.3d 1153 (9th Cir. 1994), is not a "pure[] legal question," as plaintiffs suggest, *see* Plaintiffs' Memo. in Support of Motion, #72-1, at 6, but rather, requires an examination of the facts of this case. In sum, plaintiffs' first proposed question, if certified, would require the Ninth Circuit to "hunt[] through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there," *Ahrenholz*, 219 F.3d at 677—thus making it an unsuitable question for interlocutory appeal.

Plaintiffs' second proposed question is likewise merely a challenge to my factual determination that the *de minimus* exception does not apply. While plaintiffs suggest that the court applied an incorrect standard in finding that TriMet's bus operators' participation in

interstate commerce is not *de minimus*, *see* Plaintiffs' Memo. in Support of Motion, #72-1, at 6,

plaintiffs do not identify what correct standard the court should have applied. Rather, plaintiffs

appear to only reassert their substantive argument with regards to the *de minimus* exception. *See*

*Rise, Inc.*, 2012 WL 1903880, at *4 (finding that certification was inappropriate where the party

was "merely reasserting [its] substantive arguments . . . instead of providing a basis for

interlocutory appeal"). Thus, because plaintiffs have not identified an "abstract legal issue,"

*Ahrenholz*, 219 F.3d at 677, for the Ninth Circuit to review, I find that plaintiffs' second proposed

question is not suitable for certification.

**B.    Substantial Grounds for Difference of Opinion**

Even if I were to find that the proposed questions are questions of law, plaintiffs have

failed to satisfy the second certification requirement—that is, to show that there are substantial

grounds for a difference of opinion. "To determine if a 'substantial ground for difference of

opinion' exists under § 1292(b), courts must examine to what extent the controlling law is

unclear." *Couch*, 611 F.3d at 633. A substantial ground for difference of opinion exists where

"'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken

on the point, if complicated questions arise under foreign law, or if novel and difficult questions

of first impression are presented.'" *Id.* (citation omitted). To satisfy this second certification

requirement, "[a] party must show more than its own disagreement with a court's ruling."

*Brizzee*, 2008 WL 426510, at *4; *see also Couch*, 611 F.3d at 633 ("That settled law might be

applied differently does not establish a substantial ground for difference of opinion.").

In this case, with regards to plaintiffs' first proposed question, plaintiffs have cited cases

demonstrating that the applicability of the motor-carrier exemption is often a complex, fact-

dependent question and that courts may often disagree as to whether the exemption applies under certain circumstances. *See* Plaintiffs' Memo. in Support of Motion, #72-1, at 5-6. Plaintiffs, however, have not demonstrated that there are differing opinions as to the law itself. As TriMet notes, plaintiffs acknowledge that the motor-carrier exemption exists and, moreover, plaintiffs do not appear to challenge the test, as set forth in 29 C.F.R. § 782.2(a), that I used to determine whether the motor-carrier exemption applies in this case. Thus, because plaintiffs have failed to carry their burden of proving that "there is substantial ground for difference of opinion," 28 U.S.C. § 1292(b), with regard to their first proposed question, certification is not warranted.

Similarly, plaintiffs' second proposed question regarding the *de minimus* exception does not involve an issue on which there are substantial grounds for a difference of opinion. While plaintiffs note in passing that I applied an incorrect standard in determining whether the *de minimus* exception applies, plaintiffs do not identify a different standard used by other courts. Plaintiffs primary point of contention appears to be that I did not apply the exception under the circumstances of this case. Thus, because plaintiffs have pointed to nothing "more than [their] own disagreement with [the] court's ruling," *Brizzee*, 2008 WL 426510, at *4, they have failed to satisfy the second certification requirement.

C.    **Summary**

Based on the foregoing, I find that plaintiffs have failed to identify "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Instead, plaintiffs have merely argued that I incorrectly applied settled law to the facts of this case, which is an inappropriate basis for granting certification. In light of this finding, I need not address whether the third requirement for certification—that is, whether "an immediate appeal

from the order may materially advance the ultimate termination of the litigation," *id.*—is
satisfied.

**CONCLUSION**

For the reasons set forth above, plaintiffs' motion for certification of interlocutory appeal
under 28 U.S.C. § 1292(b) (#72) is denied.

Dated this 13th day of March, 2014.

Honorable Paul Papak
United States Magistrate Judge

Page 9 - OPINION AND ORDER