IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLEN MARGULIES et al.,

                Plaintiffs,                          3:13-cv-00475-PK

v.                                       OPINION AND ORDER

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT
OF OREGON,

                Defendant.

_____

PAPAK, Magistrate Judge:

        Plaintiffs, in their individual capacities and as class representatives, filed the instant

action against defendant TriMet alleging that it engages in a practice or pattern of failing to pay

its bus and train operators for all compensable work in violation of the federal Fair Labor

Page 1 - OPINION AND ORDER

Standards Act ("FLSA") and Oregon law.  Now before the court is plaintiffs' Motion to Compel

Designation of Witness ("motion to compel") (#137) and plaintiffs' Motion to Substitute

Proposed Class Representative ("motion to substitute") (#143).  For the reasons discussed below,

plaintiffs' motion to compel is granted in part and denied in part.  Plaintiffs' motion to substitute

is granted.

## PROCEDURAL BACKGROUND

Plaintiffs filed their second amended complaint (#18) on June 17, 2013, alleging

violations of the FLSA and Oregon law.  Specifically, plaintiffs allege that TriMet fails to pay its

operators for: "(1) non-commute travel time between disparate start and end points of operators'

scheduled runs, (2) the differential between scheduled run times and actual run times, (3) pre-

departure time, (4) mandatory meetings with supervisors, (5) mandatory medical examinations,

and [(6)] any applicable overtime due for such compensable time."  Second Amended Complaint,

#18, ¶4.

On July 3, 2013, plaintiffs filed a *Hoffmann-La Roche* motion (#19).  On July 25, 2013,

TriMet filed its motion for partial summary judgment (#30).  On October 10, 2013, this court

granted TriMet's motion and granted in part and denied in part plaintiffs' *Hoffman-La Roche*

motion (#61).  After that order, the following claims remained: (1) plaintiff train operators'

FLSA and state-law overtime and untimely-wage-pay claims; and (2) plaintiff bus operators'

state-law overtime and untimely-wage-pay claims.

On December 6, 2013, TriMet moved again for partial summary judgment against

plaintiffs' wage claims (#93).  The parties later stipulated to a motion to dismiss those claims

(#106).  The following month, this court struck TriMet's motion for partial summary judgment

and later granted the stipulated motion for dismissal of the relevant wage claims (#104, #108).

On April 4, 2014, TriMet moved for partial summary judgment as to the remaining wage claims arising under Oregon law (#120). After oral argument, this court granted in part and denied in part TriMet's motion (#136).

On October 21–23, 2014, TriMet produced four witnesses for Rule 30(b)(6) depositions. Then, on November 11, 2014, TriMet produced four additional non-30(b)(6) fact witnesses for follow-up depositions.

On November 13, 2014, plaintiffs filed the instant motion (#137) seeking additional deposition, including a request for an adequately prepared witness to testify regarding specific areas of inquiry from Plaintiffs' Amended Notice of Deposition.[1] Discovery closed in this case one day later, on November 14, 2014 (#133). TriMet filed its response in opposition to plaintiffs' motion to compel on December 8, 2014.

On November 17, 2014, plaintiffs filed a motion to substitute a proposed class representative (#143). Later that day, the court heard oral argument on plaintiffs' motions (#144). Both matters are fully submitted and ready for decision.

## DISCUSSION

In its motion to compel, plaintiffs request an order requiring TriMet to produce a witness "who has been adequately prepared to testify regarding those areas of inquiry set forth in

---

[1] Despite having committed the same error previously (*see* #61, 2), plaintiffs' motion again failed to comply with the Local Rules in two ways. First, plaintiffs combined their motion with their supporting memoranda. *See* LR 7-1(b) ("Every motion must be accompanied by a *separately* filed legal memorandum." (emphasis added)). Second, plaintiffs did not file each declaration in support of the motion as a separate document. *See* LR 10-3(a) ("Affidavits or declarations must be filed as separate documents with their own captions and footers."). Plaintiffs are again reminded that they must comply with the Local Rules.

plaintiffs' Amended Notice of Deposition." Pl.'s Brief in Support of Motion to Compel, #137-1,

9.  Plaintiffs specifically aver that one of TriMet's proffered witnesses, Ken Anthony Zatarain,

failed to properly address three issues: (1) an alleged TriMet policy that requires relief bus

operators to arrive at departure points at least two vehicles ahead of the vehicles they are

scheduled to relieve ("the alleged relief policy"); (2) the concept of "start-end travel time"; and

(3) a "key board" system which allows operators to share vehicles for convenient travel between

disparate destinations.

## I.    Standards

### A.    Motion to Compel

According to Rule 30(b)(6), a discovering party "must describe with reasonable

particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).  Once a sufficient

description is provided, the responding party must carry out a series of duties. *See Alexander v.*

*FBI*, 186 F.R.D. 137, 139–41 (D.D.C. 1998).  The deponent organization must designate one or

more individuals to testify on its behalf, and "the persons designated must testify about

information known or reasonably available to the organization." *Id.*

The obligations for a responding party triggered by a compliant Rule 30(b)(6) notice are

as follows:

> First, the responding entity must designate a deponent who is
> knowledgeable on the subject matter identified as the area of
> inquiry.... Second, the responding entity must designate more than
> one deponent if multiple deponents are necessary to respond to all of
> the relevant areas of inquiry.... Third, the responding entity must
> prepare the deponent so that he or she can testify on matters not only
> within his or her personal knowledge, but also on matters reasonably
> known by the responding entity.... Fourth, if it becomes apparent
> during the deposition that the designated deponent is unable to

Page 4 - OPINION AND ORDER

respond to the relevant areas of inquiry, then the responding entity has
the duty to substitute the designated deponent with a knowledgeable
deponent.

*U.S. ex rel Fago v. M & T Mort. Corp.*, 235 F.R.D. 11, 22–23 (D.D.C. 2006).

A corporate party may be deposed under Rule 30(b)(6) through appointed representatives

the party so designates. Statements by designated representatives serve as admissions of the

corporate party itself. After the initial deposition, unless stipulated otherwise, a party must seek

leave of court for additional depositions. Fed. R. Civ. P. 30(b)(6).

Parties are obligated to prepare designated witnesses to testify on matters properly noticed

for deposition. *Pacificorp v. Northwest Pipeline GP*, 2012 WL 6131558, *14 (D. Or. Dec.

2012). A party must prepare its witnesses to provide "complete, knowledgeable and binding

answers on behalf of the corporation." *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121,

126 (M.D.N.C. 1989) (*citing Federal Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196

(E.D.Tenn.1986)).

After a party has been deposed, a court must grant leave for a second deposition unless it

appears that the discovery sought is unreasonably cumulative or duplicative or can be obtained

from a source that is more convenient, less burdensome or less expensive. *Synthes USA, LLC v.

Spinal Kinetics, Inc.*, 2011 WL 811731 *1 (N.D. Cal. Mar. 2011); Fed. R. Civ. P. 26(b)(2)(C).

Essentially, the burden or expense of additional discovery must not outweigh the likely benefit.

*Id.* Additionally, if the court finds the party seeking additional deposition has had ample

opportunity to obtain the sought-after information through other means of discovery or the initial

deposition, leave to conduct additional deposition is inappropriate. *Nash v. Waddington*, 2007

WL 675764 *1–2 (W.D. Wa. Feb. 28, 2007); Fed R. Civ. P. 26(b)(2).

**B.**     **Motion to Substitute**

Under Fed. R. Civ. P. 21, parties "may be dropped or added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just."

Further, leave to amend the complaint to add one party and drop another "shall be freely given when justice so requires," and is within the discretion of the court. Fed. R. Civ. P. 15(a); *Sweaney v. Ada County*, 119 F.3d 1385, 1392 (9th Cir. 1997). Leave to amend is granted in the absence of certain circumstances, including undue delay. *Smith v. Pacific Properties and Development Co.*, 358 F.3d 1097, 1100–01 (9th Cir. 2004).

**II.**     **Analysis for Motion to Compel**

In support of its motion to compel, plaintiffs argue that TriMet should be required to present an adequately prepared witness due to its alleged violation of its Rule 30(b)(6) duties. The issue on which plaintiffs' motion to compel turns is whether TriMet has satisfied its Rule 30(b)(6) obligations through its designated representatives. I find that it has not.

As explained above, plaintiffs' primary contention is that Ken Anthony Zatarain, one of TriMet's four Rule 30(b)(6) deposition witnesses, was unprepared to discuss the alleged relief policy, start-end travel time, and the key board system. Pl.'s Brief in Support, #137-1, 2–3; Pl.'s Ex. 1, #137-3. Plaintiffs argue that Zatarain's lack of knowledge on those central issues amounts to TriMet's refusal to allow discovery. Additionally, plaintiffs take issue with several instructions given to Zatarain by TriMet's counsel. Particularly, Zatarain was instructed not to answer certain questions both within and outside of the scope of the deposition notice, and plaintiffs' counsel asserted objections related to that instruction. I will address each issue in turn.

A.      **Preparation for Deposition and Zatarain's Lack of Knowledge**

In October 2014, TriMet produced four primary deposition witnesses in response to plaintiffs' Amended Notice of Rule 30(b)(6) Deposition of TriMet ("amended notice of deposition"). Def.'s Opp., #141, 5; Pl.'s Ex. 3, #140. The witnesses included Shelly Lomax, TriMet's Executive Director for Transportation; Steve Callas, TriMet's Manager for Service Planning; Ken Zatarain, TriMet's Director for Service Delivery; and Jim Yazzolino, TriMet's Timekeeper. Def.'s Opp., #141, 5. On November 11, 2014, TriMet produced four additional general deposition witnesses from its training department: Allen Morgan, Manager of Operator Training; David Reis and Jeff Muceus, Operator Trainers; and Jean Cook, Assistant Station Manager. *Id.* at 14–15. All witnesses were deposed regarding the items contained in plaintiffs' amended notice of deposition, while the latter four were treated as fact witnesses, rather than Rule 30(b)(6) designees. *See generally* Pl.'s Ex. 3, #140 (discussing eight separate areas of inquiry into approximately twenty-five specific subjects on which TriMet's witnesses were deposed). Plaintiffs' motion rests primarily on alleged faults in Zatarain's deposition.

First, plaintiffs offer Zatarain's professed lack of knowledge as to the alleged relief policy as support for their argument that he was poorly prepared. Pl.'s Brief in Support, #137-1, 2. I find this unconvincing. The existence of the policy in question is disputed by TriMet. Def.'s Opp., #141, 8. Zatarain's lack of knowledge regarding a policy that TriMet argues is non-existent does little to prove TriMet's lack of preparation under Rule 30(b)(6). Further, TriMet correctly argues that the alleged relief policy is not contained in plaintiffs' amended notice of deposition.

Second, plaintiffs emphasize that Zatarain repeatedly gave incomplete responses to

questions posed during his deposition. Plaintiffs' argue that these responses, combined with Zatarain's brief preparation time, are tantamount to a failure to comply with Rule 30(b)(6) duties and that TriMet therefore violated its obligations under the rule. I agree that the fifteen minutes devoted to preparing Zatarain for his deposition is unacceptable

I also agree with plaintiffs that aspects of Zatarain's testimony, provided over three hours and spanning 115 pages, were equivocal, speculative, and somewhat evasive. *See* Def.'s Ex. 4, #142-4, 10–16. However, I note that a number of these responses were relative to the lines of questioning designed to discern Zatarain's observation while using TriMet transportation in his individual capacity. *Id.* at 10–13. Additionally, plaintiffs' counsel repeatedly asked Zatarain whether, in his private use of TriMet transportation, he had personally observed operators arriving at relief locations prior to actually relieving other drivers, to which Zatarain simply responded that he "could not recall a specific instance or location." *Id.* Nonetheless, Zatarain's preparation and testimony did not meet the rigors demanded of designees under Rule 30(b)(6).

In an effort to offset the inadequacy of Zatarain's preparation and testimony, TriMet later supplied one non-30(b)(6) fact witness to discuss several of the deposition topics assigned initially to Zatarain. Def.'s Opp, #141, 14–15. That witness, Allen Morgan, testified to the alleged relief policy, start-end travel time, key board system, and several other aspects identified in plaintiffs' amended notice of deposition. Def.'s Ex. 9, #142-9, 6–8, 9. At oral argument, Morgan's testimony was deemed satisfactory by both parties as a partial substitute for the failures of Zatarain's. The parties stipulated to the *ex post facto* designation of Allen Morgan as a Rule 30(b)(6) witness in order to partially cure the deficiencies in Zatarain's testimony.

On balance, I find that, while TriMet has largely satisfied its Rule 30(b)(6) obligations,

TriMet's preparation of Zatarain did not. Zatarain's brief preparation time violates Rule 30(b)(6) and his scope of knowledge on the subjects presented in plaintiffs' amended notice of deposition was not commensurate with TriMet's collective corporate knowledge, as required by the rules. Additionally, his lack of preparation was not sufficiently supplemented by TriMet's other Rule 30(b)(6) witnesses.

**B.      Objections and Instructions Not to Answer**

Plaintiffs next turn to an instruction by TriMet's counsel made during Zatarain's deposition that he should not answer questions that extended beyond the scope of plaintiffs' amended notice of deposition. Pl.'s Brief in Support, #137-1, 8. Plaintiffs argue that this is "the functional equivalent of allowing a witness to refuse to answer a question because [TriMet] believes it is not relevant, a determination which should be made by the court." *Id.* Plaintiffs ask this court to sanction TriMet under Fed. R. Civ. P. 37 for this alleged violation of Rule 30(c)(2). I decline to do so.

For the reasons set forth by TriMet in its opposition brief, I find such a sanction is not appropriate. Specifically, I find TriMet's objection and instruction were harmless under the circumstances. As TriMet's counsel informed plaintiffs' counsel during depositions, TriMet designated Zatarain, its Service Delivery Executive and Scheduler, to represent TriMet's knowledge in the context of "run and route construction [and] methods of recording and maintaining records related to that." Def.'s Ex. 7, #142-7, 22. TriMet's counsel clarified that Zatarain is a scheduler and not an official in charge of training. *Id.* Although training and scheduling were items properly noticed in plaintiffs' amended notice of deposition, the parties operated under the understanding that TriMet had designated multiple witnesses to represent its

knowledge in their various fields of expertise. Again, had Zatarain served as TriMet's sole

witness, plaintiffs' arguments regarding those objections would be well-received. However,

Zatarain spoke, albeit without proper preparation, to his own area of expertise. Objections

regarding the scope of witness-specific deposition in such a sequestered Rule 30(b)(6)

proceeding do not rise to the level of sanctionable conduct. Accordingly, I deny plaintiffs'

requested sanctions.

### C.      Summary

For all of the reasons discussed in this section, and considering the *ex post facto*

designation of Allen Morgan as a Rule 30(b)(6) witness, plaintiffs' motion to compel additional

30(b)(6) testimony is granted, and plaintiffs shall be allowed to depose Morgan as a Rule

30(b)(6) witness for a period not to exceed one (1) hour. In the alternative, plaintiffs may

conduct a deposition by written questions pursuant to Rules 31(a) and 30(b)(6).

### III.     Analysis of Plaintiffs' Motion to Substitute

Plaintiffs also move, pursuant to Fed. R. Civ. P. 15(a), 20(a), and 21 to (1) add Doug

Tilson, a current opt-in plaintiff in this case, as an additional proposed class representative, and

(2) to remove Thomas Goldhammer from the complaint in this action as a proposed class

representative. Pl.'s Memorandum in Support of Motion to Substitute ("Motion to Substitute"),

143-1, 2. TriMet argues that granting plaintiffs' motion would result in undue delay. To that

end, TriMet cites a need to conduct additional discovery of the proposed substitute representative

as the cause for such delay.

Based on the standards outlined above, I grant plaintiffs' motion to substitute Doug

Tilson for Thomas Goldhammer and provide leave to amend the complaint in order to remove

Goldhammer.  The discovery deadline is extended and defendant may immediately conduct written discovery related to Tilson's designation as a class representative and depose Mr. Tilson.

## CONCLUSION

For the reasons discussed above, plaintiffs' motion to compel is granted in part and denied in part.  As stipulated to by the parties, Allen Morgan is deemed a Rule 30(b)(6) witness and his prior testimony will be qualified accordingly.  Plaintiffs' are granted one (1) additional hour to depose Morgan in his capacity as a Rule 30(b)(6) witness or, in the alternative, to conduct a deposition by written questions pursuant to Rules 31(a) and 30(b)(6).

Additionally, plaintiffs' motion to substitute Doug Tilson as a class representative is granted, and plaintiff's are given leave to amend their complaint to remove Thomas Goldhammer as a named plaintiff.

The discovery deadline in this case is extended by thirty (30) days for the limited purposes set forth in this order.

Dated this 23rd day of December, 2014.

Honorable Paul Papak
United States Magistrate Judge