IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ALLEN MARGULIES, et al.,

           Plaintiffs,

v.

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT
OF OREGON,

           Defendants.

No. 3:13-cv-00475-PK

**OPINION and ORDER**

**Papak, J.**

The parties to this representative collective action and class action jointly move for preliminary approval of their settlement agreement and the proposed notice to the class. For the reasons set forth below, I grant the joint motion.

## BACKGROUND

Plaintiffs filed this action on January 22, 2013, claiming that Defendant failed to pay overtime wages due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and Oregon's minimum wage and overtime laws, ORS Chapters 652 and 653. On October 10, 2013, I conditionally certified the action as a representative collective action under 29 U.S.C. § 216(b) consisting of individuals currently or previously employed as TriMet bus and MAX train operators. Before this proposed settlement agreement there had been no formal class certification.

The parties have conducted extensive discovery, including the production of more than 60,000 documents and 12 depositions. I have presided over five summary judgment motions

1 - ORDER

that have sufficiently defined the issues, and the parties are well advised of the matters remaining in dispute. Settlement conferences were held before U.S. Magistrate Judge Stacie F. Beckerman on October 26, 2015, November 30, 2015, and January 8, 2016.

The class representatives now agree to release all claims and dismiss this action with prejudice in consideration of Defendant's agreement to pay the settlement class members $1,050,000.00 and to pay class counsel $650,000.00 for attorney's fees and costs. The Settlement Class is to include all individuals currently or formerly employed by TriMet as bus or MAX train operators at any time on or after January 22, 2007. This includes all parties who previously opted-in to the FLSA § 216(b) collective action and those who subsequently sign the FLSA Opt-in form pursuant to the terms of the Settlement Agreement. The Settlement Class will not include those individuals who submit a valid Opt-Out Request.

## LEGAL STANDARDS

To guard against any potential abuse, approval for class action settlements "may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Within the framework of Rule 23(e), the district court is vested with the authority, duty, and discretion to oversee and exercise control over class action settlements. Rule 23(e) delineates five procedural controls applicable to any proposed settlement agreement, and reads in relevant part:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

The purpose of these checks is to ensure that the interests of all class members have been duly represented. *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco,* 688 F.2d 615, 624 (9th Cir. 1982). To further this end, the fairness of any proposed settlement is gauged through analysis of the *Churchill* factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth,* 654 F.3d at 946, *quoting Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir.2004). Additionally, when a settlement agreement is negotiated before a formal class certification the district court must diligently scrutinize the settlement "for evidence of collusion or other conflicts of interests." *In re Bluetooth,* 654 F.3d at 946, *citing Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir.1998). After such consideration, the determination to "approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Officers for Justice,* 688 F.2d at 625.

## DISCUSSION

### I. The Proposed Settlement Agreement

The parties' proposed settlement agreement taken as a whole is fair, reasonable, and adequate. The class members' interests have been duly represented by the class representatives. As required by Rule 23, I reserve final ruling on the proposed settlement agreement until the hearing to address possible objections. Fed. R. Civ. P. 23(e)(2).

Considering each of the *Churchill* factors I find that they favor approval of the settlement agreement: (1) I have heard five summary judgment motions providing a more than adequate consideration of the merits and the likelihood of success in Plaintiffs' case; (2) additional litigation of the representative collective action and class action would be contentious, expensive, and time-consuming for both parties; (3) the settlement provides for *pro rata* class action awards and $125.00 payments to parties that opt-in to the FLSA collective action, which is fair and reasonable considering the risk and expense of further litigation; (4) the parties agreed on the sum of $1,700,000.00 after extensive discovery and mediation conferences, showing an informed decision about the settlement amount; (5) the parties exchanged more than 60,000 documents and 12 depositions; and (7) U.S. Magistrate Judge Stacie F. Beckerman mediated three settlement conferences with these parties. *See In re Bluetooth,* 654 F.3d at 946.

I find that the proposed settlement presents no evidence of collusion or self-interest among the negotiating parties. Plaintiffs' counsel will receive their attorneys' fees as part of the settlement funds. The attorney's fees are not a disproportionate or unreasonable portion of the settlement considering the time and labor required. 29 U.S.C. § 216(b); *e.g., In re Bluetooth,* 654 F.3d at 947.

### II. The Proposed Notice to Class

To ensure that class members have received adequate notice of the proposed settlement, I review the settlement documents to ensure that the parties comport with the notice requirement of Rule 23(e)(1). I also review the record to ensure that the notice requirements of 28 U.S.C. § 1715(b) are met.

4 - ORDER

To protect non-party class members, Fed. R. Civ. P. 23(e)(1) requires that "the court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The required notice procedures of Rule 23(e)(1) serve the interests of unnamed class members by providing them with an opportunity to appear and challenge any compromise or settlement that has been either proposed or approved. 7B Charles Alan Wright et al., *Federal Practice & Procedure Civ.* § 1797.6 (3d ed.). Beyond Rule 23(e), the Class Action Fairness Act, 28 U.S.C. § 1715(b)(1), requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement[.]" As a whole, 28 U.S.C. § 1715(b) specifies the timing of the notice, its content, the "appropriate" officials to be served, and, if applicable, any post notification inquiries.

### A. Notice Pursuant to Federal Rule of Civil Procedure 23(e)(1)

The Notice of Proposed Settlement of Class Action (Notice of Proposal Settlement of Class Action, #212-3, pg.1-8), filed with the Court on May 27, 2016, and provided to class members, is adequate and meets the requirements of Rule 23(e)(1). Thus far, Defendant has identified approximately 2,500 current and former employees who may be eligible for payments from the settlement amount. Resp. to Mot. for Settlement at 3, ECF No. 217. This Notice, to be provided to non-party class members, provides members with a summary of their legal rights and options pursuant to the proposed settlement. Notice of Proposal Settlement of Class Action at 1-8, ECF No. 212-3. Specifically, absent class members are advised that:

> If you do nothing, you will remain a part of the case. If the court approves the Settlement, and after final judgment is entered and any and all appeals have been exhausted, you will receive a settlement payment amount approximately within the estimated range of amounts shown below (see "Estimated Range of Settlement Payments"). In addition, if you previously opted-in to become a

> member of the FLSA class by submitting a Consent to Become a Party Plaintiff form that was filed with the Court, you will receive an additional $125. The members of the Settlement class and the FLSA class will release all claims alleged in the lawsuit, or that could have been alleged based on the allegations made in the case, as well as claims asserted in tort claim notices sent to TriMet in December of 2012, May of 2013, and April of 2015.

*Id.* at 2.

The proposed notice is understandable to lay persons and clearly explains the procedures for opting-in, opting-out, objecting, contacting counsel, and further directs members to more detailed explanations of the proposed settlement available from a number sources. Notice of Proposal Settlement of Class Action at 1-8, ECF No. 212-3. Notice of Settlement will be directed to all class and joint collective action members. *Id.* Parties propose that Notice of Settlement and FLSA Opt-in form will be sent via first class mail to each class member's last known address. Proposed Order Grating Joint Mot. for Prelim. Approval of Settlement Agreement at 2, ECF No. 216. Putative class members will have 60 days, beginning when the Notice of Proposed Settlement is mailed to class members, to submit a FLSA Opt-in Form, an Opt-out request or an objection. I find that the Proposed Settlement Agreement is in accordance with Rule 23(e)(1).

### B. Notice Pursuant to 28 U.S.C. § 1715(b)

Notices directed to Oregon Attorney General Ellen Rosenblum, Notice re Notice, ECF No. 213; Washington Attorney General Bob Ferguson, Notice re Notice, ECF No. 214, Attorney General for the United States Loretta Lynch, Notice re Notice, ECF No. 212, and to the putative class collectively satisfy the requirements for notice set forth in 28 U.S.C. § 1715(b). Pursuant to statute, Notice served on both the Oregon and Washington State Attorney Generals contained the Second Amended Complaint, the District Court's notice of hearing for Preliminary Approval of Settlement Agreement, the parties' Proposal for Class Action Settlement, the proposed Class Action Settlement and Release of All Claims and information about the putative class. The notice comports with the statutory requirements set

forth in 28 U.S.C. § 1715(b).

## CONCLUSION

For the forgoing reasons, having considered the motion, supporting memorandum, and the relevant statutory and case law, the Court GRANTS the Joint Motion for Preliminary Approval of Settlement Agreement, ECF No. 208, and orders and finds as follows, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Rule 23(c) and (e) of the Federal Rules of Civil Procedure ("Rule 23"):

(1) The Settlement Class as defined in the Class Action Settlement and Release of All Claim and its exhibits, Tidrick Decl., ECF No. 209, Ex. A, is certified for settlement purposes only pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b);

(2) The Settlement Agreement is preliminarily approved as fair, adequate, and reasonable, and the definitions therein are incorporated herein by reference;

(3) Settlement Class members are temporarily enjoined from filing new lawsuits based on any of the Released Claims prior to Final Approval of the Settlement Agreement;

(4) Payment of the sum of $1,050,00.00 to eligible members of the Settlement Class, including without limitation FLSA Opt-in Awards and Service Awards, is preliminarily approved, subject to final approval by the Court at the final approval hearing;

(5) The proposed form of Notice of Settlement, Tidrick Decl., Exhibit 1, ECF No. 209, and FLSA Opt-in form, Tidrick Decl., Exhibit 2, ECF No. 209, are approved;

(6) The final approval hearing shall be on October 19, 2016, at 11:00 a.m. at the United States District Court for the District Court of Oregon, Mark Hatfield U.S. Courthouse, 1000 S.W. 3rd Avenue, Portland, Oregon 97204, in Courtroom 10B.

(7) Mailing by first class mail of the Notice of Settlement and FLSA Opt-in form to each Settlement Class member at the last known address of each within thirty (30) days of the Court's preliminary approval of the settlement is approved;

(8) A Notice Period of sixty (60) days after the date that the Notice of Settlement is mailed to putative Settlement Class members, during which time any such person may submit an Opt-out Request, a FLSA Opt-in form, or Written Objections to the Settlement, is approved; if the 60th day falls on a Sunday or District of Oregon court holiday, the deadline shall be the next business day that is not a Sunday or District of Oregon court holiday;

(9) The proposed FLSA Opt-in Awards are preliminarily approved, subject to final approval by the Court at the final approval hearing;

(10) The proposed Service Awards are preliminarily approved, subject to final approval by the Court at the final approval hearing;

(11) Paul Breed, Steven G. Tidrick, Joel B. Young, and The Tidrick Law Firm are appointed as Class Counsel, and Plaintiffs Christopher Day and Douglas Tilson are appointed as the Class Representatives;

(12) The deadline for Plaintiffs to file the motion for Service Awards and for approval of attorneys' fees and costs shall be fourteen (14) days before the deadline for objections;

(13) The deadline for Plaintiffs to file the motion for final approval of the settlement agreement, and for Plaintiffs and Defendant to file responses to any objections, shall be fourteen (14) days after the deadline for objections;

(14) Class Counsel is authorized to engage and pay the Settlement Administrator. The

Settlement Administrator is directed to distribute to the class the notice and FLSA Opt-in form pursuant to the procedures set forth in the Settlement Agreement; and

(15) The settlement is deemed filed as of the date of preliminary approval for purposes of providing notice to the appropriate officials pursuant to 28 U.S.C. § 1715

Using the proposed class notice, Tidrick Decl., Exhibit 1, ECF No. 209, and FLSA Opt-in form, Tidrick Decl., Exhibit 2, ECF No. 209, Plaintiffs shall commence notifying the class members about the scheduled hearing on the proposed settlement agreement on October 19, 2016, at 11:00 a.m.

IT IS SO ORDERED.

DATED this 30th day of June, 2016.

*Paul Papak*

Paul J. Papak

U.S. MAGISTRATE JUDGE